IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES HENDERSON,<br>    Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. WDQ-08-1435 |
| | * |
| UNITED STATES OF AMERICA,<br>    Defendant | * |

******

**<u>MEMORANDUM</u>**

On June 2, 2008, Plaintiff, a federal inmate presently incarcerated at Northeast Correctional Center in Youngstown, Ohio, filed the instant complaint. Plaintiff states that his conditions of confinement violate his constitutional rights. He seeks time off of his sentence due to over-crowded prison conditions. Paper No. 1. No filing fee or motion for leave to proceed in forma pauperis accompanies his complaint.

The Court deems it appropriate to transfer the instant action pursuant to 28 U.S.C. § 1406(a).[1] Under 28 U.S.C. § 1391(b), a civil action that is not founded solely on diversity of citizenship may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred....., or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. It appears that the actions about which the Plaintiff complains occurred in Ohio and any defendants likely reside

---

[1] In so ruling, this Court will not preliminarily scrutinize the merits of Plaintiff's complaint against the named parties.

there. Accordingly, venue is not proper in this Court[2] and this case shall be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Northern District of Ohio-Youngstown Division for all further proceedings.

To the extent Plaintiff's complaint can be construed as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. 2241, transfer is still the appropriate action. Subject matter jurisdiction of a § 2241 habeas corpus petition lies in the federal district court where Petitioner is incarcerated or in the federal district court where the Petitioner's custodian is located. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973). Petitioner is confined in Youngstown, Ohio, and his custodian, or the person who has the day-to-day responsibility for his custody, would be the warden at Northeast Correctional Center. Therefore, this Court finds that jurisdiction of the instant action lies in Ohio, not in Maryland.


June 10, 2008                                        /s/
  Date                                       William D. Quarles, Jr.
                                             United States District Judge

---

[2] In so ruling, this Court will not examine any questions regarding exhaustion of federal remedies pursuant to § 803 of the Prison Litigation Reform Act of 1995, codified as 42 U.S.C. § 1997e, which provides that no action shall be brought by a prisoner with respect to prison conditions under 42 U.S.C. § 1983, or any other Federal law, until he or she has exhausted available administrative remedies.